NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DENNIS SHIPMAN,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     Civil Action No.: 07-1107
                                       )
SOUTH BRUNSWICK                        )     OPINION
TOWNSHIP, et al.,                      )
                                       )
            Defendants.                )
_____)

For Plaintiff: Dennis Shipman, pro se
For Defendants: Lori A. Dvorak (*Dvorak & Associates, LLC*)
               Francis D. Engracia (*Dvorak & Associates, LLC*)

**LINARES**, District Judge.

This matter comes before the Court on the motion for summary judgment [CM/ECF #67] filed by Defendants South Brunswick Township, Matthew Watkins, Raymond J. Hayducka, Frank Gambatese, and Michael Paquette (collectively "Defendants"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth herein, the motion for summary judgment is granted.

**FACTUAL BACKGROUND**

On March 16, 1996, Patrolman Scott Reeves of the South Brunswick police department pulled over Plaintiff Dennis Shipman ("Shipman" or "Plaintiff") for weaving in the right lane. (Def. 56.1 Statement ¶ 1.) Shipman denies that he was weaving. (Pl. 56.1 Statement ¶ 2; Def.

Ex. C, at 42:22-43:1.[1]) Upon checking Shipman's license plate, Reeves discovered that the vehicle Shipman was driving had been reported stolen. (Def. 56.1 Statement ¶ 2.) Reeves placed Shipman under arrest for possession of a stolen vehicle. (Id. ¶ 4.) Shipman identified himself as "Khatib Alkhatib" and provided a Virginia driver's license and a social security number. (Id. ¶ 6.)

A search incident to arrest resulted in the discovery of marijuana in Shipman's vehicle. (Pl. Opp. Br. at 12; Def. 56.1 Statement ¶ 5.) Further investigation revealed that the social security number provided by Plaintiff to the South Brunswick police was associated with an outstanding warrant for arrest in New York State, and that Shipman's license to drive in New Jersey had been suspended since 1992. (Id. ¶¶ 7-8.) Shipman was not charged with any crime related to the stolen vehicle, as the South Brunswick police discovered that it had been recovered by Shipman's employer and that Shipman was driving it as an employee; he was, however, charged with crimes related to the marijuana discovered on him and issued motor vehicle summonses. (Id. ¶¶ 10-11.)

Shipman was jailed in Middlesex County, New Jersey, from March 16, 1996 through April 12, 1996, when he was sent to New York State on the outstanding warrant. (Id. ¶¶ 12-13.) Subsequent to his delivery to New York State authorities, Shipman did not appear in South Brunswick Municipal Court and a warrant issued for his arrest remained outstanding for approximately ten years. (Id. ¶¶ 14-15.) Shipman did, however, receive notice from South Brunswick in November 1996 that his request to have the South Brunswick charges against him

---

[1]Viewed in the light most favorable to Plaintiff, this Court does not find Plaintiff's deposition transcript to be contradictory to his averment in his summary judgment papers that he did not swerve.

dismissed was denied. (Pl. Opp. Br. at 19.)

Nothing further occurred with respect to this matter until April 21, 2006. At 2:30 A.M. on that date, Shipman pulled into a mall parking lot to nap during a trip to New York. (Pl. 56.1 Statement ¶ 8.) A Burlington Township police officer approached Shipman while his vehicle was parked and Shipman provided identification. (Id.) The officer then arrested Shipman on an outstanding warrant from the 1996 South Brunswick incident, held him overnight in the Burlington Township police station, and then transferred him to the Middlesex County Adult Detention Center. (Id. ¶¶ 9, 12.)

Shipman then contacted Defendants Matthew Watkins ("Watkins"), Raymond Hayducka ("Hayducka"), and Frank Gambatese ("Gambatese"), requesting that they have the charges against Shipman dismissed. (Def. 56.1 Statement ¶ 23.) On January 17, 2007, all charges against Shipman were dismissed by the Honorable Glynn J. Dwyer, J.M.C., because it could not be ascertained that Shipman had ever been arraigned on the 1996 charges. (Id. ¶ 16.)

On March 8, 2007, Shipman filed his initial complaint in this Court, seeking damages under 42 U.S.C. § 1983. He filed an Amended Complaint on June 8, 2007, which Defendants answered. The pending motion for summary judgment was filed after the close of discovery on February 17, 2009. Prior to this Court ruling on Defendants' summary judgment motion, Shipman attempted to amend. Defendants' summary judgment motion was administratively terminated during the pendency of the motion to amend, which was denied by the Honorable Clair C. Cecchi, U.S.M.J., on September 1, 2009. The motion for summary judgment was placed back on the docket, and Shipman subsequently filed his opposition to the summary judgment motion.

## DISCUSSION

Defendants move for summary judgment on several bases: the statute of limitations, failure to state a claim, lack of evidence against certain individual defendants, absence of evidence of Monell liability, and qualified immunity.

### I.     Legal Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial.  Id. at 324.  In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  See Celotex, 477 U.S. at 324.  Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**II.     Monell and Supervisory Liability**

A party seeking to hold a municipality liable under § 1983 must show "that a policy or custom of the entity lead to a violation of a plaintiff's rights." Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); see also Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). Here, no evidence beyond mere conclusory allegation has been presented by Shipman to indicate that South Brunswick violated his rights. Shipman refers to all defendants as "policy-makers" but provides the Court no evidence of a policy that impaired his rights. This Court, therefore, grants summary judgment to the Township of South Brunswick on the § 1983 claims.

With respect to an individual supervisor, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Defendant Michael Paquette ("Paquette") is the former Chief of Police for South Brunswick Township. (Def. 56.1 Statement ¶ 18.) Plaintiff has not provided this Court with evidence of Paquette's personal involvement in any action against him, whether by "personal direction or . . . actual knowledge and acquiescence." Rode, 845 F.2d at 1207. This Court, therefore, finds that Paquette is entitled to summary judgment on the § 1983 claims.

**III.    Statute of Limitations**

The applicable statute of limitations for a violation of 42 U.S.C. § 1983 in New Jersey is two years. O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). This same statute of limitations applies to New Jersey common law torts. N.J.S.A. § 2A:14-2.

With respect to any actions taken against Shipman in 1996 or 1997 by South Brunswick

or its employees, this Court finds that the statute of limitations has run.  Shipman was on notice in 1996 that the South Brunswick charges against him were not dismissed, because he had received a communication from the Township that the Honorable Peter U. Lanfrit, J.M.C., had denied Shipman's request for dismissal in November 1996.  (Pl. Opp. Br. at 19.)

Shipman argues in his opposition papers that this Court should toll the statute of limitations pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).  "Under Heck, § 1983 claims for damages attributable to an unconstitutional conviction or sentence do not accrue until the conviction or sentence has been invalidated."  Gibson v. Superintendent of State Police, 411 F.3d 427, 447 (3d Cir. 2005).  Heck tolling, however, applies in instances of conviction.  512 U.S. at 489-90 (applying rule to "conviction or sentence").  Shipman was never convicted on any of the South Brunswick charges, and, therefore, Heck tolling does not apply.  (Def. 56.1 Statement ¶ 16.)  This Court grants summary judgment to all defendants for any cause of action arising directly from the 1996 arrest and detention of Shipman.

## IV.   Proximate Cause

Shipman's remaining claims are for false imprisonment, false arrest, abuse of process, and malicious prosecution (either at common law or under § 1983) against Defendants for Shipman's 2006 detention.  Defendants argue that they did not proximately cause any harm suffered by Shipman.

Proximate cause is required in § 1983 claims.  Hector v. Watt, 235 F.3d 154, 160 (3d Cir. 2000).  Similarly, proximate cause is required for Shipman's state law claims.  See Simone v. Golden Nugget Hotel and Casino, 844 F.2d 1031, 1033 n.6, 1036 (3d Cir. 1988) (approving

district court's instructions to jury on abuse of process where verdict form included separate finding for proximate cause on abuse of process); Toto v. Ensuar, 952 A.2d 463, 471 (N.J. 2008) (requiring jury finding of proximate cause in false arrest/false imprisonment case); Myrick v. Resorts Int'l Casino & Hotel, 726 A.2d 262, 268 (N.J. Super. Ct. App. Div. 1999) (finding proximate cause required in malicious prosecution claim). "Traditionally, in tort law, 'proximate cause' has been defined as a person's wrongful conduct which is a substantial factor in bringing about harm to another." Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). Proximate cause is usually a question of fact for the jury. Rivas v. City of Passaic, 365 F.3d 181, 193 (3d Cir. 2004).

Shipman supplies no evidence that any of the remaining individual Defendants proximately caused his detention. Watkins is the Business Administrator of South Brunswick; Gambatese is the current Mayor of South Brunswick; and Hayducka is the current police chief of South Brunswick. Shipman's only allegation concerning the actions of these individuals is that they failed to dismiss the charges against him after he sent them letters after his 2006 arrest. Defendants deny that they had the power to do so, and Plaintiff does not dispute their assertion. (Def. Br. at 15.)

With respect to the remaining allegations against South Brunswick, Shipman also fails to provide evidence from which this Court can infer that the municipality proximately caused any harm to him. Shipman points to no action by municipal employees or any specific municipal policy or procedure that could be said to have proximately resulted in his arrest and detention in 2006. He alleges that the individual Defendants' "collective failure to act can only be seen as a de facto policy of South Brunswick Township," but does not provide any evidence of actions by

any other Township employees or specific policies or procedures that resulted in his 2006 arrest and detention.  (Pl. Opp. Br. at 25.)  There is no basis, therefore, for a jury to find the municipal defendant liable for any of the state law causes of action, and this Court grants summary judgment to all Defendants on the remaining causes of action.

## CONCLUSION

For the reasons heretofore set forth, Defendants' motion to dismiss is granted.


DATED: March 31, 2010                                          /s/ Jose L. Linares
                                                               United States District Judge